Case No. 16-3960

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

DRFP L.L.C. d/b/a SKYE VENTURES,

Plaintiff-Appellant,

v.

THE REPÚBLICA BOLIVARIANA DE VENEZUELA and
THE VENEZUELAN MINISTRY OF FINANCE,

Defendants-Appellees.

_____

On Appeal from the United States District Court
For the Southern District of Ohio
Eastern Division

_____

**APPELLANT'S FURTHER OPPOSITION TO
APPELLEES' MOTION FOR ATTORNEYS' FEES**
_____

Charles H. Cooper, Jr.
Rex H. Elliott
C. Benjamin Cooper
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (fax)
chipc@cooperelliott.com
rexe@cooperelliott.com
benc@cooperelliott.com

John C. Camillus
The Law Offices of
  John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
(614) 558-7254
(614) 559-6731 (fax)
jcamillus@camilluslaw.com

# INTRODUCTION

In response to the Court's Order on December 4, Appellant submits the following memorandum contesting the reasonableness of Appellees' fee request.

### A. The Requested Fee is Unreasonable

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking attorneys' fees must prove the reasonableness of the rates claimed and hours worked. *See Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). Where evidence of the rates claimed or hours worked is "inadequate," the Court may reduce the fee award accordingly. *Hensley*, 461 U.S. at 433.

Venezuela's counsel seeks more than $780,000 for creating the Appellees' Brief. *See* Doc. 50-2. For work resulting in this single brief, Venezuela's counsel claims it reasonably used 15 legal professionals, billed over 1160 hours, and charged an average rate of over $668/hr. *See id.* Neither the hourly rates, nor the hours spent, nor the total fee amount, are reasonable.

#### 1. Reasonable Hourly Rate

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of

record." *B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 663 (6th Cir. 2008) (internal quotation marks and citations omitted).

The rate is one within the *Sixth Circuit*, not Boston, D.C., or New York. *See id.* It is what "competent and experienced lawyers in the region normally receive," not "the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (quoting *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)). The rate also must be proved by the fee applicant with "satisfactory evidence," which is evidence "in addition to the attorney's own affidavits." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

First, the rates claimed for the 14 Foley Hoag timekeepers are not rates within the Sixth Circuit. Venezuela's counsel claims, on information and belief, that its rates were "within the ranges charged in 2016–17 by other large, full-service firms in Boston, Washington, D.C., and New York." Schwartz Decl. ¶ 3, Doc. 50-2 (p. 19 of 68). There is no evidence the Foley Hoag timekeepers could reasonably expect to command these rates within the Sixth Circuit. The only rate within the Sixth Circuit Venezuela does provide, for its Columbus counsel, shows the claimed Foley Hoag rates are unreasonably high for the Sixth Circuit.

*Compare id.* ¶ 4 (Calfee partner claiming $645/hr) *with id.* ¶ 3 (Foley Hoag partner(s) with similar experience claiming $985/hr).[1]

Second, Venezuela has not provided "satisfactory evidence" of the claimed rates. It does not identify specific rates for any of the 14 Foley Hoag timekeepers. Rather, it provides rate ranges for categories of timekeepers (yet also does not identify which timekeeper belongs in each category). Moreover, the Supreme Court has expressed the need for evidence "in addition to the attorney's own affidavits," *Blum*, 465 U.S. at 895 n.11, and Venezuela has not provided any evidence about the requested rates beyond its attorney's own declaration.

Third, bar surveys and other fee cases in the Sixth Circuit provide further evidence that Venezuela's claimed hourly rates are unreasonably high. *See B&G Mining*, 522 F.3d at 664 (noting that state-bar surveys of rates and rates from prior cases may provide evidence of a market rate); *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484 (6th Cir.), Doc. 87-1 (order) (May 23, 2012) (relying on Economics of Law Practice in Michigan survey). **According to the most recent surveys available, attorneys with more than 35 years of experience charge $200-$325/hr in Ohio and $200-$350/hr in Michigan.**[2] *See* Ex. B, Ohio State

---

[1] It is not clear on what information Mr. Schwartz, a Boston attorney, bases his claims about the rates commonly charged in Columbus.

[2] These ranges are the 25th and 75th percentiles. Appellant could not locate state surveys for Kentucky or Tennessee.

Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, Ex. 46 (p. 39); Ex. C, State Bar of Mich., *2014 Economics of Law Practice Att'y Income & Billing Rate Summary Report*, Table 4 (p. 4). Only one of Venezuela's lawyers has more than 35 years of experience.

In recent Sixth Circuit cases awarding fees, attorneys requested rates similar to or lower than those in the state bar surveys. *See, e.g.*, *Raub v. Moon Lake Prop. Owners' Ass'n*, No. 17-1564 (6th Cir.), Doc. 34 ¶ 7 (Nov. 29, 2017) **($165/hr)**; *Old Blast, Inc. v. Operating Eng'rs Local 324 Pension Fund*, No. 16-1260 (6th Cir.), Doc. 42, p. 2 (Jan. 13, 2017) **($180/hr)**; *Waldman v. Stone*, No. 16-5160 (6th Cir.), Doc. 28-2 ¶ 3 (Dec. 15, 2016) **($185-$300/hr)**; *Gray v. Gray*, No. 14-1576 (6th Cir.), Doc. 26 ¶ 3 (Mar. 23, 2015) **($225/hr)**.

Venezuela's counsel provides no evidence that its claimed hourly rates are the ones "competent and experienced lawyers in the region normally receive," rather than "the most noted lawyers and renowned firms in a region." *Reed*, 179 F.3d at 472. For example, Venezuela's counsel asks for $315/hr for a *paralegal*, when most competent and experienced *lawyers* in the Sixth Circuit charge less. In light of the state bar surveys and rates from prior cases, and given that Venezuela has not met its burden of providing satisfactory evidence of market rates within the Sixth Circuit or identified the specific rates for each of its timekeepers, the requested hourly rates should be reduced by at least 75%.

### 2. Hours Reasonably Worked

The Court may award only those fees incurred "because of, and solely because of, the misconduct at issue." *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1189 (2017); *see also Fox v. Vice*, 563 U. S. 826, 836 (2011) (a fee applicant may recover "only the portion of his fees that he would not have paid but for" the misconduct). "[E]xcessive, redundant, or otherwise unnecessary" hours should also be excluded from a fee request, "just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U. S. at 434.

The fee applicant must provide documentation sufficient to enable the Court to determine, "with a high degree of certainty," that the claimed hours "were actually and reasonably expended." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal quotation marks and citation omitted). As a result, because the burden is on the fee applicant, courts decline or reduce fees when part of a billing entry might contain time that was not necessary to respond to the misconduct, such as where the entry is vague or contains block billing of both necessary and unnecessary tasks. *See id.* ("Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions . . . where billing records lumped together time entries under one total so that it was impossible to determine the amount of time spent on each task." (internal quotation marks and

citation omitted)); *Black v. Lojac Enters.*, No. 96-5654, 117 F.3d 1420 (table), 1997 U.S. App. LEXIS 17205, at *10 (6th Cir. July 2, 1997) (denying fees for entries where entry could have related to prevailing claim, for which fees were appropriate, or non-prevailing claim, for which fees were inappropriate); *Wells v. Rhodes*, No. 2:11-cv-00217, 2012 U.S. Dist. LEXIS 125348, at *5–6 (S.D. Ohio Sep. 4, 2012) ("Attorney fees may be reduced when fee records fail to specify the amount of time spent on discrete tasks. Lumping legal tasks makes it difficult for the court to determine the reasonableness of the fees.").

First, the sheer numbers of timekeepers and hours raise substantial concerns about the reasonableness of Venezuela's request. Venezuela's counsel used 15 separate timekeepers. As a court within this circuit explained, "paying clients, for even the most complicated litigation, insist on a finite number of time-keepers devoted to any particular issue or task to ensure maximum efficiency." *Project Vote v. Blackwell*, No. 1:06-CV-1628, 2009 U.S. Dist. LEXIS 34571, at *47 (N.D. Ohio Mar. 31, 2009). "While the use of so many time-keepers and law firms is not per se unreasonable, it raises substantial concerns where, as here, a party seeking fees has not provided back-up documentation attesting that the work could not have been done with less." *Id.* at *48. Venezuela's counsel also spent more than 1160 hours to produce a 13,000-word brief. That is akin to one lawyer working fulltime for more than half a year.

Second, close inspection of the billing entries, which were disclosed only after the Court's insistence, reveals hours spent on tasks that were not reasonably needed to respond to Skye's arguments, including time for issues Venezuela never raised and issues on which Skye prevailed. Such hours include those related to:

- **Subject matter jurisdiction.** *See, e.g.*, Billing Entries on Nov. 3–4, 2016, Doc. 54. Skye prevailed on this issue. *See DRFP L.L.C. v. Republica Bolivariana De Venez.*, No. 16-3960, 2017 U.S. App. LEXIS 16328, at *15 (6th Cir. Aug. 24, 2017).

- **Statute of limitations.** *See, e.g.*, Billing Entries on Nov. 1–3, 2016. Venezuela did not raise this issue.

- **Motion to dismiss appeal.** *See, e.g.*, Billing Entries on Nov. 21–22, 2016. Venezuela did not file this motion.

- **Act of state doctrine.** *See* Billing Entries on Jan. 17 & 20, 2017. Venezuela did not raise this issue, aside from an inconsequential reference on page 40 of its Appellees' Brief.

- **Extensions of time.** *See, e.g.*, Billing Entries on Nov. 10–11, Dec. 9–12, 2016. Skye did not oppose Venezuela's motion for extension, and Skye's motion for extension of time was granted over Venezuela's opposition.

- **The "Swiss proceeding."** *See* Billing Entries on Jan. 17 & 18, 2017. This time was spent on a proceeding unrelated to the appeal.

- **Exhibits and factual research.** *See, e.g.*, Nov. & Dec. 2016 Billing Entries by P. Shults; Dec. 2016 & Jan. 2017 Billing Entries by C. Hart. Venezuela's counsel cataloged the district court's ruling on all trial exhibits, apparently including the hundreds Skye did not cite on appeal. Counsel also had a "sub-team" conduct a thorough record review, including for "facts that were either not found or found incorrectly by Sargus." Billing Entries on Dec. 27 & 28, 2016. None

of this was necessary to respond to the issues on appeal, which were largely legal in nature.

- **"Review, edit, and cite check."** Venezuela's counsel spent an inordinate amount of time simply editing and cite-checking their brief. *See, e.g.*, Billing Entries on Jan. 24–31, 2017.

- **Ambiguous or vague entries.** In many entries, it is impossible to tell whether the time spent was reasonable, or even related to the misconduct now at issue. *See, e.g.*, Billing Entries on Jan. 3 & 13, 2017 by A. Schwartz ("appeal team meeting").

Venezuela has not met its burden of proving that these hours, among others, were reasonably expended solely because of Appellant's allegedly frivolous conduct.

Third, a variety of factors strongly indicate the presence of "excessive, redundant, or otherwise unnecessary" hours. It requires less work to brief an appeal where, as here:

- **The appeal is for the appellee.** An appellee typically files only one brief and largely responds to issues already identified by the appellant, as Venezuela's counsel did here.

- **The appellate attorney represented the party below.** Venezuela's trial team represented Venezuela on appeal. Its attorneys already thoroughly understood the record, the relevant case law, and their views of the case—and succeeded below with those views.

- **There are only two or three issues raised by the appellant.** Skye raised three issues on appeal, one of which took up only three pages of the Appellant's Brief (and ultimately was not resolved by this Court).

- **The issues are largely legal rather than factual.** The issues presented were largely legal. Each had a *de novo* standard of review, and the Court resolved the two primary issues on legal grounds.

- **The issues have been briefed below.** The comity issue was addressed thoroughly in post-trial briefing and the district court's opinion. *See, e.g.*, Pl.'s Post-Tr. Br., R. 817, PageID 41334–45; Defs.' Post-Tr. Reply Br., R. 834, PageID 43190–205; Op., R. 838, PageID 43787–89. The estoppel issue was addressed in hundreds of pages below, including in an estoppel-specific summary judgment motion, post-trial briefing, and two district court opinions. *See, e.g.*, Pl.'s Mem. Support of Summ. J., R. 415; Defs.' Opp., R. 555; Pl.'s Reply, R. 575; Op., R. 642, PageID 22547–51; Pl.'s Post-Tr. Br., R. 817, PageID 41364–73; Defs.' Post-Tr. Reply Br., R. 834, PageID 43208–19; Op., R. 838, PageID 43798–801.

- **The appellate briefing rehashes briefing from below.** Nearly half of the cases cited in Appellees' Brief were also cited in the briefing below, and many of the others were cases cited in Appellant's Brief, rather than cases resulting from independent legal research by Appellees.

- **The issues raised are allegedly frivolous.** The basis for any fee award here is that the issues presented were frivolous. It should take little research and effort to respond to very weak or frivolous issues.

*See also* Ex. A, Decl. of Douglas Cole ¶¶ 15–22 (discussing these factors and the unreasonableness of Venezuela's fee request). Moreover, the presence of so many timekeepers almost certainly led to "substantial duplication of effort and inefficiency, reflected in multiple different sets of eyes reading and commenting on various drafts." *Id.* ¶ 20.

Indeed, Venezuela's lawyers who practice within the Sixth Circuit have charged far less for an appeal before. Mr. Lucas and his firm represented the appellee/cross-appellant in *Beeper Vibes, Inc. v. Simon Prop. Grp.*, 600 F. App'x 314 (6th Cir. 2014). For work that included two briefs, a mediation, and oral

argument, in an appeal that was not deemed frivolous, Mr. Lucas and his firm sought less than $26,000 in attorneys' fees. *See* Decl. of Ronald M. McMillan ¶ 17 & Ex. 6, ECF Nos. 96-2 & 96-8, *Beeper Vibes, Inc. v. Simon Prop. Grp.*, No. 3:10-cv-473 (S.D. Ohio).

Finally, some courts deny[3] or reduce an otherwise warranted request for an award of fees where the request is for an "exorbitant amount." *Budget Rent-A-Car Sys. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (collecting cases). Those courts are concerned that such a request constitutes "an abuse of the process of the court asked to make the award." *Id*. The request itself for more than $780,000 for a single brief provides another reason this Court should award only a modest amount of damages.

Given all of the above, a reasonable fee for drafting Appellees' Brief is no greater than $35,000. Ex. A, Cole Decl. ¶ 22. Accordingly, if the Court is inclined to award attorneys' fees, such damages should be no greater than $35,000.

### 3.    Total Fee Incurred

Before the Court awards fees, there should be evidence of the amount Venezuela has actually incurred. Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912 authorize "just damages," and the advisory committee notes

---

[3]    Appellant is mindful of the Court's caution against challenging the fee award *in toto*. Appellant believes the rationale of this line of cases—that exorbitant fee requests abuse the process of the Court—provides an additional reason to drastically reduce the requested fee.

indicate that such damages include attorneys' fees that have been "incurred." Fed. R. App. P. 38 advisory committee's note (1967). Similarly, 28 U.S.C. § 1927 authorizes "attorneys' fees reasonably incurred." Accordingly, the Court should not award an amount higher than the amount Venezuela has actually incurred.

At present, there is no record evidence indicating what amount, if any, Venezuela has actually paid, even though the invoices were submitted ten months ago. And, in the past, Venezuela has not paid its attorneys in this case. *See* Notice of Removal of Compl. ¶¶ 12 & 19, ECF No. 1, *Ruden, McClosky, Smith, Shuster & Russell, PA v. Republica Bolivariana de Venezuela et al.*, No. 1:08-cv-22732 (S.D. Fla.) (referencing this litigation and alleging non-payment of more than $900,000 for legal services). Before any award of fees, Venezuela should be required to prove what it has paid, and the Court should not award an amount higher than that.

### B. Fees in Sixth Circuit Cases Awarding Damages

Venezuela's requested fee of $780,000 is 75 to 200 times greater than nearly all of the fees in the past ten years' worth of Sixth Circuit cases awarding damages under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1912, or 28 U.S.C. § 1927. In all but one of those cases, this Court awarded damages in the four or low-five figures. *See, e.g.*, *Raub v. Moon Lake Prop. Owners' Ass'n*, No. 17-1564 (6th Cir.), Doc. 34 ¶ 8 (Nov. 29, 2017) **(requesting $8,893.50 in attorneys' fees)**; *Waldman v. Stone*, 854 F.3d 853, 853 (6th Cir. 2017) (order) **(ordering $4,157.50**

in attorneys' fees)**; *Old Blast, Inc. v. Operating Eng'rs Local 324 Pension Fund*, 677 F. App'x 223, 223 (6th Cir. 2017) (order) **(ordering $8,190 in attorneys' fees)**; *McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016) **(ordering $3,000 in damages)**; *Gray v. Gray*, No. 14-1576 (6th Cir.), Docs. 26 ¶ 3 (Mar. 23, 2015) & 29-2 (Apr. 15, 2015) **(ordering $7,966 in attorneys' fees and costs)**; *Kempter v. Mich. Bell Tel. Co.*, 534 F. App'x 487, 495 (6th Cir. 2013) **(ordering $5,000 in damages)**; *Bridgeport Music, Inc. v. Smith*, No. 12-1523 (6th Cir.), Docs. 75-1 (June 5, 2013) & 81-1 (June 25, 2013) **(ordering $57,520.50 in attorneys' fees)**; *Scherer v. JP Morgan Chase & Co.*, No. 12-3120 (6th Cir.), Doc. 73-2 (Mar. 18, 2013) **(ordering $19,189 in attorneys' fees and costs)**; *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484 (6th Cir.), Doc. 87-1 (order) (Aug. 20, 2012) **(ordering $7,531.65 in attorneys' fees)**; *Snow v. Commissioner*, No. 11-1911, 2012 U.S. App. LEXIS 27038, at *10 (6th Cir. Sep. 19, 2012) (order) **(ordering $4,000 in damages)**; *Huntsman v. Perry Local Sch. Bd. of Educ.*, No. 09-3030 (6th Cir.), Doc. 63 (July 2, 2010) **(ordering $2,173 in damages)**; *Miller v. Toyota Motor Corp.*, 554 F.3d 653 (6th Cir. 2009) (order) **(ordering $7,002.85 in attorneys' fees and costs)**; *B & H Med., L.L.C. v. ABP Admin., Inc.*, 534 F.3d 801, 803 (6th Cir. 2008) (per curiam) **(ordering $10,000 in damages)**; *United States v. Hendrickson*, No. 07-1510, 2008 U.S. App. LEXIS 27988, at *8 (6th Cir. June 11, 2008) (order) **(ordering $4,000 in damages)**.

This Court also has not hesitated to drastically reduce a requested fee that was unreasonably high. In *B & H Medical*, the appellees sought $152,846.11 for over 500 hours of work spent defending the appeal, which was frivolous and reiterated arguments from below. *See* 534 F.3d at 803. The Court found that defending against the appeal "should have required far less" and awarded damages of only $10,000. *Id.*

The Court should likewise drastically reduce the requested fee here, where the appeal was for the appellee, the attorneys represented the party below, the appellant primarily raised two discrete legal issues, those issues had been thoroughly briefed below, and those issues were deemed frivolous. Writing a single brief under such circumstances "should have required far less" than 1160 hours and $780,000. A reasonable fee is no greater than $35,000, Cole Decl. ¶ 22, and should be less.

### C. Chilling Effect of a Sizeable Award

Skye's counsel believes two other points favor a modest award. First, a sizeable award would likely chill legitimate appeals, particularly by smaller law firms. Many firms and attorneys do not have the resources to satisfy sizeable awards. When such drastic consequences could result from attorneys, however well-intentioned, miscalculating how an appellate panel will view their argument, some attorneys will counsel clients not to appeal, even if an appeal would be

proper. This is especially so when the opponent is represented by large law firms, which are more likely to claim a substantial fee and thereby increase the fear of a life-altering Rule 38 damages award against counsel. A sizeable award would also chill those who, consistent with their ethical obligations, seek to push or expand the law in beneficial new directions.

Second, a sizeable award would likely force Skye's counsel into bankruptcy and potentially out of business. As Venezuela highlighted, Skye itself is a single-purpose entity with no assets besides the Bandagro promissory notes. *See* Appellees' Mot. at 9, Doc 50-1. Any damages award will almost certainly fall on Skye's counsel's shoulders. Skye's counsel's malpractice carrier has taken the position that it will not cover any fee award issued in this appeal, leaving Skye's counsel to attempt to satisfy any such award. The undersigned firms have collectively spent decades helping businesses and families address serious harms, and closing these law firms would also result in financial and emotional hardship to the people they employ. Skye's counsel respectfully submits that this Court's opinion has already achieved the goal of deterring and punishing frivolous appeals. *See Waeschle v. Dragovic*, 687 F.3d 292, 296–97 (6th Cir. 2012) (per curiam); *Shirvell v. Gordon*, 602 F. App'x 601, 607–08 (6th Cir. 2015).

## **CONCLUSION**

For the reasons above, and those expressed in Appellant's initial opposition seeking denial of Appellees' motion for attorneys' fees, Appellant respectfully asks this Court to award attorneys' fees of less than $35,000, should Appellees' motion be granted.

Respectfully submitted,

/s/ Charles H. Cooper, Jr.
Charles H. Cooper, Jr.
Rex H. Elliott
C. Benjamin Cooper
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (fax)

John C. Camillus
The Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
(614) 558-7254
(614) 559-6731 (fax)

Attorneys for Appellant

## **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,561 words.

/s/ Charles H. Cooper, Jr.
Charles H. Cooper, Jr.
Counsel for Appellant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Appellant's Further Opposition to Appellees' Motion for Attorneys' Fees, including the accompanying exhibits, was filed electronically and served electronically on the following counsel of record this 20th day of December, 2017:

>Andrew Z. Schwartz, Esq.
>Matthew C. Baltay, Esq.
>Thomas R. Ayres, II, Esq.
>Richard G. Baldwin, Esq.
>Madeleine K. Rodriguez, Esq.
>FOLEY HOAG LLP
>155 Seaport Boulevard
>Boston, Massachusetts 02210
>
>Albert J. Lucas, Esq.
>CALFEE, HALTER & GRISWOLD LLP
>1200 Huntington Center
>41 South High Street
>Columbus, Ohio 43215
>
>Attorneys for Appellees

>/s/ Charles H. Cooper, Jr
>Charles H. Cooper, Jr.
>Counsel for Appellant